UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **SOPHAL KEO** | **CIVIL ACTION NO. 07-1733** |
| A 27 729 737 | SECTION P |
| VS. | JUDGE JAMES |
| WARDEN, TENSAS DETENTION, ET AL. | MAGISTRATE JUDGE HAYES |

<u>**MEMORANDUM ORDER**</u>

Before the court is the petition for writ of *habeas corpus* (28 U.S.C. §2241) filed by *pro se* petitioner Yun Fu Lin on October 18, 2006. Petitioner is an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/ICE). He is presently detained at the Tensas Parish Detention Center in Waterproof, Louisiana.

Petitioner is a citizen of Cambodia who has been subject to a final order of removal since April 4, 2007. Despite his cooperation, DHS/ICE has thus far been unable to remove him, and he has remained in custody pending such removal for a period in excess of six months.

Petitioner contends that this continued custody violates the provisions of 8 U.S.C. §1231(a)(6) as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). *Zadvydas* held that § 1231(a)(6) limits "an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States" and thus does not authorize the indefinite detention of an alien pending removal from the United States. *Id.* at 689.

In order to determine what further action should be taken with respect to this petition,

**THE CLERK IS DIRECTED** to serve a summons, a copy of the petition, and a copy of this order by certified mail on the United States through the United States Attorney for the Western District of Louisiana, the United States Attorney General, the Bureau of Immigration and Customs Enforcement (DHS/ICE), and the Director of ICE.

**IT IS ORDERED** that respondents file an answer to the petition within twenty (20) days following the date of service. In their answer, the respondents shall provide the court with **summary judgment evidence indicating whether there is a significant likelihood of removal in the reasonably foreseeable future or whether Petitioner's detention is otherwise lawful.** This evidence shall include information regarding the length of time that he has been in post-removal-order custody, the date on which his removal order became final, any administrative decisions relating to Petitioner's request for bond, and all documents relevant to the efforts made by the immigration officials to obtain travel documents for Petitioner.

The respondents shall also file a memorandum of law briefing the issues raised within their answer and citing applicable statutory and case law. The memorandum should also address whether there is a significant likelihood of removing Petitioner from the United States in the reasonably foreseeable future. *Zadvydas v. Davis,* 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).

**IT IS FURTHER ORDERED** that Petitioner will then be given twenty (20) days following the filing of respondents' answer to produce contradictory summary judgment evidence [1] on the issue of the lawfulness of his detention.

**FINALLY, IT IS ORDERED** that, as a condition to their acceptance by the Clerk, all

---

[1] Summary judgment evidence consists of affidavits or unsworn declarations made in accordance with 28 U.S.C. §1746, deposition testimony, answers to interrogatories, admissions, and sworn or certified copies of all papers referred to. All affidavits or unsworn declarations must comply with Rule 56(e). They shall be made on personal knowledge and set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

future filings by petitioner and the respondents shall include a certificate stating that a copy thereof has been mailed to all other parties.

**After the record is complete and all delays have run, the Court will determine if genuine issues of material fact exist which preclude summary judgment and necessitate an evidentiary hearing.  If no hearing is necessary, a Report and Recommendation will be made without further notice.**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 29th day of October, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE